

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-5080
Re: Texas Liquor Control Act--
Cancellation of Package Store
Permit for wholesale sale of
liquor and related matters

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I would appreciate it if you would give me your opinion on the following matter:

"Section 4 of Article I of the Texas Liquor Control Act provides in part as follows:

"'------Any act done by any person which is not granted in this Act is hereby declared to be unlawful.'

"Subsection 6 of Section 15 of Article I of the Texas Liquor Control Act provides in part as follows:

"'Wholesaler's Permit. A Wholesaler's Permit shall authorize the holder thereof to: ------

"'(b) Sell liquor in original containers in which received in this State to retailers and wholesalers authorized to sell same.'

Honorable Bert Ford, Administrator, Page 2

"Subsection 6 of Section 15 of Article I of the Texas Liquor Control Act provides in part as follows:

"'Package Store Permit. A package store permit shall authorize the holder thereof to: --------

"'(b)    Sell on or from licensed premises at retail to consumer for off premises consumption only and in unbroken containers only.'

"Subsection 6 of Section 23(a) provides as follows:

"Proof of the sale or delivery by any person holding a retailer's permit of more than three (3) gallons of distilled spirits in any single transaction shall be prima facie evidence that the same is a sale at wholesale.'

"Assuming that under the law as quoted above, a citation has been issued to a package store operator to show cause why his package store permit should not be suspended or cancelled for the following cause:

"'That on or about the _____ day of December, A. D., 1942, in the County of Howard, State of Texas, _____ being then and there the agent and employee of _____, and the said _____ being then and there the holder of package store permit No. _____, issued the _____ day of September, A. D. 1942, for the premises located at _____ Street, in _____ City, Howard County, Texas, the said (agent) did then and there sell to (Inspector) more than three gallons of distilled spirits, to-wit: 15 gallons of whiskey in a single and continuous transaction on and from said licensed premises aforesaid without the said (Permittee) being then and there the holder of a permit from the Texas Liquor Control Board authorizing the sale of such liquor at wholesale.'

Honorable Bert Ford, Administrator, Page 3

"Assuming further that the facts at the hearing on the complaint show that a package store operator, through his agent did make a sale of more than three gallons of liquor to an inspector under circumstances such as to warrant a finding that the sale as made by the package store operator's agent was not made 'at retail to consumer for off-premise consumption only'; first, would this be such a violation of law as to constitute a cause for the suspension or cancellation of the permit in question by the Administrator of the Texas Liquor Control Board; second, is the complaint as above set out sufficient to put the package store operator on notice of the violation of this particular section relating to a sale at wholesale?

". . . ."

The Texas Liquor Control Board or its administrator, may, after notice and hearing, cancel the permit of a permittee under the Texas Liquor Control Act for violation of any provision of the Act. See Subdivision 2 of Section 12 of Article 666, Vernon's Annotated Texas Penal Code.

Section 12a of Article 666, Vernon's Annotated Texas Penal Code, sets out the procedure for cancellation.

The notice feature of Section 12 of Article 666, V. A. P. C., was construed in the case of Bradley v. Texas Liquor Control Board, 108 S. W. (2) 300. We quote from the court's opinion as follows:

"Section 12 of Article 1, (Vernon's Annotated P. C., Art. 666-12) provides that the 'Board and/or Administrator shall cancel or suspend after notice and hearing any such permit granted if it is found that any of the following is true.' Here follow a number of specific acts which would authorize the cancellation by the board or administrator of any license issued under any permit or license to sell liquor under the act. . . . The provision of Section 12, above quoted, is plain and unambiguous, and authorizes the board to cancel such a permit 'after notice and hearing'. The proceedings, therefore, are instituted by the serving of the notice

which shall state the grounds upon which the board seeks to cancel the permit. The undisputed evidence shows that the board served appellant with such notice, stating specifically the grounds upon which it sought to cancel his permit; that a hearing was had at which appellant was present in person and testified and was represented by able counsel, and after the hearing counsel were given several days in which to file briefs presenting their view as to the authority of the board to cancel the license for the violations complained of. . . ."

Thus we see from the Bradley case, quoted from above, that the notice contemplated by law is one which states specifically the grounds upon which the Board seeks to cancel the permit. If the grounds are a violation of some portion of the Liquor Control Act then we think that the notice should affirmatively and intelligently charge a violation of such portion of the Liquor Control Act. A proceeding to cancel a liquor permit is not a criminal matter but an administrative one (see the Bradley case, supra); and although it is probably not necessary to charge a violation of the act in as certain and precise manner as in a criminal indictment or information yet we think there should be in such notice enough substantial and affirmative allegations made to charge a violation of the act, if such be the grounds relied upon. We also gather from the Bradley case that the hearing should be had upon the charges or grounds specifically alleged in the notice.

The Texas Liquor Control Act does not define the terms "wholesale sale" and "retail sale" of liquor as pointed out in your letter. Subsection 6 of Section 23a of the Act provides and creates a prima facie presumption of a sale at wholesale when proof is made that a person holding a retailer's permit makes a sale of more than three gallons of of liquor in a single transaction. However, of course, this prima facie presumption is subject to rebuttal and is, of course, not absolute. This is not like the Federal Statute (Rev. St. 3244, 26 U. S. C. A. § 1398) which provides that every person who sells or offers for sale malt liquors in any quantities of more than five (5) gallons at one time, shall be regarded as a "wholesale dealer".

Honorable Bert Ford, Administrator, Page 5

The case of State v. Tarver, 79 Tenn. (11 Lea) 658,660, Words and Phrases, Vol. 45, p. 110, points out the distinction between a "wholesale dealer" and a "retail dealer" in liquors as follows:

"A wholesale dealer in spirituous liquors is one who makes and sells to purchasers packages or quantities for the purpose of trade or being resold. The distinction between the 'wholesale dealer' and the 'retail dealer' does not depend upon the quantity sold by either!"

The case of Raible v. State Tax Commission, 194 So. 560, 561, 239 Ala. 41, holds that the sales of barrels and kegs by manufacturers to users or consumers, not for resale, but for use or consumption, were not "wholesale sales" within the Alabama Sales Act, notwithstanding the barrels after use may have had some resale value.

As pointed out in your letter the holder of a package store permit authorizes the holder thereof to:

"Sell on or from licensed premises at retail to consumer for off premises consumption only and in unbroken packages and unbroken containers only."

The above quoted provision contains no limitation upon the amount of liquor a retailer can sell to a purchaser for off premises consumption only. In other words the test is whether the liquor was sold for off premises consumption only to the purchaser or whether same was sold to the purchaser for the purpose of trade or resale. So the real test in determining whether the liquor was sold at wholesale or retail is one of the purpose of sale and purchase. Subsection 6 of Section 23a of the Act, quoted in your letter, steps into the picture and creates a prima facie presumption of a wholesale sale when more than three gallons are sold in one sale. But this is only a rule of evidence and can be rebutted. For example if a man wanted to buy eighteen gallons of whiskey to store in his cellar for his own use the retail dealer would not violate the law in making such sale; however, the burden of proof would be upon him to show that the purpose of the sale was strictly for such purpose. And on the other hand if a dealer sold two pints of whiskey to a known bootlegger who advised the dealer that he was not buying it for his own use but solely for the purpose of resale such dealer would violate the law; however, the burden of proof in such case would be upon the State as no prima facie presumption would arise from the sale of less than three gallons.

We think the complaint or notice quoted in your letter is defective. This notice instead of affirmatively charging that the sale was not made at retail to the consumer for off-premise consumption only merely pleads the evidence which would raise a prima facie presumption that the sale was not so made. We think the complaint and notice should go farther and specifically and affirmatively charge the violation.

The complaint and notice quoted in your letter we think is somewhat analagous to the situation of a complaint charging a person with unlawful possession of eighteen gallons of whiskey in dry territory in a county court case where the complaint should charge that the person in dry territory unlawfully possessed whiskey for the purpose of sale. The vice in both complaints is that while the matters pleaded might constitute a violation of law they do not absolutely do so and are merely rebuttable presumptions.

It is our further opinion that the proof offered before the administrator or Board should be based upon a valid complaint. If the complaint or notice is fundamentally defective then the proof could not cure same.

We, therefore, hold that the above notice and complaint is fundamentally defective and that no valid order of cancellation can be based thereon.

If a valid complaint and notice is drawn we think the proof mentioned in your letter would be ample to sustain a cancellation. The administrator is the trier of the facts; when the proof is made of the eighteen gallon sale the prima facie presumption comes into operation; if rebuttal evidence is offered it may be believed or not be believed by the administrator; he has a sound discretion in the acceptance or rejection of such evidence.

We would respectfully suggest that new and valid notices and complaints be had and that a hearing be predicated upon such complaints, rather than upon the defective one quoted in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 12, 1943

_____
ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. Fanning
Assistant

WJF:mp

OPINION
COMMITTEE
BY _____
CHAIRMAN